**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Patrick,                              ) | No. CV-10-0650-PHX-ECV |
|                              ) | |
|            Plaintiff,        ) | **ORDER** |
|                              ) | |
| vs.                          ) | |
|                              ) | |
| United States Postal Service; John E. ) | |
| Potter, Postermaster General, in his ) | |
| official capacity,           ) | |
|                              ) | |
|            Defendants.       ) | |

This case arises on Plaintiff Robert A. Patrick's Request for ASL Interpreter. (Doc. 41) Plaintiff moves the District Court of Arizona to provide, and pay for, an American Sign Language ("ASL") interpreter for the settlement conference scheduled for December 13, 2010 at 2:00 p.m. before the undersigned Magistrate Judge. Plaintiff indicates that he "has been deaf since birth and a sign language interpreter will be necessary for [him] to be able to participate fully in the Settlement Conference." (*Id*. at 1) Defendants United States Postal Service and Postermaster General John E. Potter (collectively the "Postal Service") have not responded to Plaintiff's Request. Because Plaintiff's Request directly relates to the settlement conference, the undersigned will rule on the interpreter request.

**I. Background**

On March 24, 2010, Plaintiff filed suit against the Postal Service, alleging "he was qualified for the job [as a letter carrier] and was wrongfully terminated by defendants in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794." (Docs. 1, ¶ 9 at 2; 15

at 2) He indicates he "is deaf and non-verbal and his first language is American Sign Language [and h]is employment with the United States Postal Service was terminated during his training and orientation when he did not pass a particular written test." (Docs. 15 at 2; 1 at 2)  Plaintiff contends that because he "is an individual with a disability for purposes of the Rehabilitation Act," doc. 1 at 2, he requested an ASL interpreter to translate several test questions but the Postal Service allegedly refused.[1] The Complaint alleges that although Plaintiff is "proficient in the English language," he has "some difficulties with written English due to his hearing disability [and his] reading difficulty is one that is common among deaf individuals as a group." (*Id*., ¶ 7 at 2)  Plaintiff claims that the Postal Service is required by law to provide an ASL interpreter as a "reasonable accommodation" pursuant to the Rehabilitation Act. (Doc. 15 at 2) The Postal Service denies that it violated Plaintiff's rights and denies that it was required to provide ASL interpretation during the written examination. (*Id.*) Plaintiff seeks damages; the Postal Service denies any damages are due.

---

[1] "There are two different forms of communication through manual signs commonly used by deaf people in this country-Signed English and ASL. Signed English is a form of English in which each spoken word is accorded a corresponding manual 'sign' and these signs are used with their customary syntax and in their customary word order. Signed English is essentially a system for visually paraphrasing spoken English.

Although ASL also utilizes manual signing, it is best thought of as a foreign language used by American deaf people, with its own grammar and syntax. Proficiency in Signed English, regardless of degree, does not facilitate communication in ASL, and vice versa . . . .

[A] qualified sign language interpreter is defined in the federal regulations appurtenant to the ADA as one who is 'able to interpret effectively, accurately, and impartially both receptively and expressively, using any necessary specialized vocabulary.' 28 C.F.R. § 35.104."

*Clarkson v. Coughlin*, 898 F.Supp. 1019, 1026-27 (S.D.N.Y. 1995) (class action by hearing-impaired inmates in custody of the New York Department of Corrections seeking declaratory and injunctive relief against defendants for failing to accommodate their hearing impairments in violation of the ADA, Rehabilitation Act, due process rights, and the Eighth Amendment.)

1  The Court must determine whether the Americans with Disabilities Act, the
2  Vocational Rehabilitation Act of 1973 ("Rehab Act"), or any other authority requires the
3  federal judiciary to provide and pay for an ASL interpreter for a hearing-impaired civil
4  litigant at a settlement conference conducted at the Sandra Day O'Connor U.S. Courthouse.
5  This Magistrate Judge concludes that the federal judiciary must provide and pay for an ASL
6  interpreter for the hearing-impaired Plaintiff.

**II. The ADA, the Rehab Act and the Federal Government**

        **A. The ADA**

The Americans with Disabilities Act ("ADA") was enacted in 1990 "[t]o provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). "It forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-517 (2004) (Title II of the ADA, as applied to cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' enforcement power under the Fourteenth Amendment); *Pruett v. State*, 606 F.Supp.2d 1065, 1072 (D.Ariz. 2009).

Title II of the ADA prohibits discrimination against a qualified individual with a disability regarding a public entity's services, programs, or activities and such exclusion or discrimination was by reason of the individual's disability. 42 U.S.C. § 12132; *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Courts have broadly construed the "services, programs, or activities" language in the ADA to encompass "anything a public entity does." *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001)). It is well-settled, however, that the federal government, including its district courts, is exempted from Title II disability discrimination claims because a "public entity" is defined in relevant part as "any State or local government," or "any department, agency, special purpose district, or other instrumentality

1  of a State of States or local governments." 42 U.S.C. § 12131(1)(A) & (B); *Cellular Phone*
2  *Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) ("[T]itle II of the ADA is not applicable
3  to the federal government."); *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D.Haw. 2000);
4  *Turgeon v. Brock*, 1994 WL 803506, * 1 (D.N.H. 1994) ("As a preliminary matter, the court
5  notes that federal courts are not subject to Title II of the ADA [quoting . . . . 42 U.S.C. §§
6  12132, 12131(1)])."

7  The ADA does not require the federal judiciary to arrange for a sign language
8  interpreter for any civil or criminal court proceeding.

9  **B. The Rehab Act**

10  The Rehab Act proscribes discrimination in all federally-funded programs.
11  *Lovell*, 303 F.3d at 1052. "The Rehabilitation Act, the precursor to the ADA, applies to
12  federal agencies, contractors and recipients of federal financial assistance, while the ADA
13  applies to private employers with over 15 employees and state and local governments."
14  *Jackson v. Napolitano*, 2010 WL 94110, * 3 (D.Ariz. 2010) (quoting *Calero-Cerezo v. U.S.*
15  *Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004)). To establish a disability discrimination
16  claim pursuant to the Rehab Act, a plaintiff must show that (1) he is disabled within the
17  meaning of the Rehab Act; (2) he is otherwise qualified for the benefit or services sought;
18  (3) he was denied the benefit or services solely by reason of his disability; and (4) the
19  program providing the benefit or services receives federal financial assistance. *Lovell*, 303
20  F.3d at 1052; 29 U.S.C. § 794. However, a claim for disability discrimination under the
21  Rehab Act against the federal government is subject to dismissal because "Congress has not
22  waived the Federal Government's sovereign immunity against awards of money damages
23  for § 504(a) violations, except where a federal agency is acting as a 'Federal provider' of
24  financial assistance." *Thompson v. United States*, 2010 WL 1910293, * 3 (W.D.N.Y. 2010)
25  (internal quotation marks omitted) (quoting *Hollman v. Lindsay*, 2009 WL 3112076, at * 9,
26  n. 6 (E.D.N.Y. 2009) (quoting *Sarvis v. United States*, 2000 WL 1568230, at * 2 (2nd Cir.
27  2000) (affirming dismissal of prisoner's Rehab Act claim against Bureau of Prisons, citing
28  *Lane v. Pena*, 518 U.S. 187, 193 (1996)). "The Rehab Act's waiver is limited to 'the funding

activities' of federal providers." *Thompson* (citing *Lane*, 518 U.S. at 195).

Clearly, the Rehab Act does not require the United States' district courts to provide, and pay for, a sign language interpreter for a hearing-impaired litigant at a settlement conference or any other civil or criminal court proceeding.

## III. Interpreters in Courts of the United States

### A. The Court Interpreters Act

In 1978, Congress passed the Court Interpreters Act ("CIA"), 28 U.S.C 1827-1828. "The CIA makes appointment of an interpreter mandatory when the presiding judicial officer determines that a party or a witness (1) speaks only or primarily a language other than English, (2) so that his ability to comprehend and communicate during the proceedings would be inhibited." *United States v. Hasan*, 526 F.3d 653, 658 (10th Cir. 2008). The CIA provides in relevant part:

> The presiding judicial officer . . . shall utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available . . . the services of an otherwise qualified interpreter, *in judicial proceedings instituted by the United States*,[2] if the presiding judicial officer determines . . . that [a] party . . . or a witness who may present testimony in such judicial proceedings-
>
> (A) speaks only or primarily a language other than the English language; or
>
> **(B) suffers from a hearing impairment (whether or not suffering also from a speech impairment)**
>
> so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony.

28 U.S.C. § 1827(d)(1) (emphasis and footnote added). In *Hasan*, a criminal case that was reversed because the district court failed to reconsider its decision that the Somalia-born

---

[2] Title 28 U.S.C. § 1827(j) defines the terms "judicial proceedings instituted by the United States" as used in the CIA to "all proceedings, whether criminal or civil, including pretrial and grand jury proceedings (as well as proceedings upon a petition for a writ of habeas corpus initiated in the name of the United States by a relator) conducted in, or pursuant to the lawful authority and jurisdiction of a United States district court . . . ." Title 28 U.S.C. § 1827(j). This expansive definition clearly encompasses civil and criminal cases litigated in any United States district court whether or not the United States is a party.

- 5 -

defendant did not need interpreter during grand jury proceedings, the Eighth Circuit stated "[t]he CIA extends the right to an interpreter to two classes of people: those who speak only or primarily a language other than English, and the hearing impaired." 28 U.S.C. § 1827(d)(1)(B)." 526 F.3d at 666.

Despite the mandatory language used by the Eight Circuit in *Hasan*, the express terms of 28 U.S.C. § 1827(l) indicate the appointment of a sign language interpreter is discretionary with the presiding judicial officer. Section 1827(l) authorizes a district or magistrate judge in his or her discretion to "appoint a certified or otherwise qualified sign language interpreter" for "a party, witness, or other participant in a judicial proceeding" if such person "suffers from a hearing impairment."

> Notwithstanding any other provision of this section or section 1828, the presiding judicial officer *may* appoint a certified or otherwise qualified sign language interpreter to provide services to a party, witness, or other participant in a judicial proceeding, whether or not the proceeding is instituted by the United States, if the presiding judicial officer determines, on such officer's own motion or on the motion of a party or other participant in the proceeding, that such individual suffers from a hearing impairment. . . .

28 U.S.C 1827(l) (emphasis added).

### B. Policy of the Judicial Conference of the United States

The Administrative Office of the United States Courts promulgates guidelines for the day-to-day operations of the Judiciary entitled the *Guide to Judiciary Policy* (the "*Guide*"), Vols. 1-23.[3] *Motto v. City of Union City*, 177 F.R.D. 308, 309 (D.N.J. 1998). The Judicial Conference of the United States has long supported full access to judicial proceedings by all segments of the disabled community. "[I]t is the policy of the Judicial Conference that all federal courts provide reasonable accommodations to persons with communications disabilities." The *Guide*,[4] Vol. 5, Ch 2, § 255.10, General Policy (citing

---

[3] The *Guide* is available at http://jnet.ao.dcn/Guide/Index.html to the federal judiciary only. However, Chapters 7 (Defender Services), 14 (Procurement), and portions of Volume 2 (Ethics and Judicial Conduct) are available to the public at http://www.uscourts.gov.

[4] "The Guide to Judiciary Policy is a repository of the federal judiciary's administrative policies, as determined by the Judicial Conference of the United States or the

- 6 -

JCUS-SEP 95 p. 75). This policy is in addition to the statutory requirements of the CIA. (*Id*.) While 28 U.S.C. § 1827(l) gives a federal judge the discretion to appoint a sign language interpreter, "[u]nder Judicial Conference policy, a court **must** provide sign language interpreters or other auxiliary aides and services to participants in federal court proceedings who are deaf, hearing-impaired or have communication disabilities and **may** provide these services to spectators when deemed appropriate." *Id*. § 255.20, Sign Language Interpreters and Other Auxiliary Aids and Services (emphasis in original).[5]

**IV. Conclusion**

Not only is it right and just to so, the District Court is required to provide and pay for an ASL language interpreter for the hearing-impaired Plaintiff at the upcoming settlement conference. Plaintiff's Request will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff Robert A. Patrick's Request for ASL Interpreter, doc. 41, is **GRANTED**. The District Court's Office of Interpreter is directed to arrange and pay for an American Sign Language interpreter for the settlement conference

---

Director of the Administrative Office, or as mandated by statute or other legal requirement. . . ." The Guide, § 101, Purpose, Vol. 5, Ch 2. The Guide "is the official medium by which direction as to courtroom procedures and other information are provided to the Federal Judiciary in support of its day-to-day operations. The Guide also codifies policies which are promulgated by [the] Director of the Administrative Office ('AO') and approved by the Judicial Conference of the United States." *In re Delisle*, 2008 WL 117985, * 1 (D.Vt. 2008) (internal quotation marks omitted).

[5] Section 255.20(a) provides:

Each federal court is *required to provide, at judiciary expense, sign language interpreters* or other appropriate auxiliary aids and services to participants in federal court proceedings *who are deaf, hearing-impaired, or have other communications disabilities*. The court will give primary consideration to a participant's choice of auxiliary aid or service.

Section 255.20(a), the Guide, Sign Language Interpreters and Other Auxiliary Aids and Services, Vol. 5, Ch 1 (emphasis added).

- 7 -

1  scheduled for December 13, 2010 at 2:00 p.m. before the undersigned Magistrate Judge.

2  Dated this 23rd day of November, 2010.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge